UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| MATTHEW J. COMEAUX, individually and on behalf of others similarly situated | * * * | CIVIL ACTION NO: _____ |
| VERSUS | * * * | MAGISTRATE: |
| WEEKS ISLAND RENTALS, LLC | * * | JUDGE: |

*************************************************************************

## **COMPLAINT – COLLECTIVE ACTION**

Plaintiff, Matthew J. Comeaux, individually and on behalf of all other similarly situated current and former employees of Defendant, Weeks Island Rentals, LLC, brings this Collective Action and alleges as follows:

### I.  OVERVIEW

1. Plaintiff brings this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA as a collective action individually and on behalf of all current or former day rate workers employed by Defendant at any time since three (3) years prior to filing this Complaint, and who were not paid overtime for all hours worked in excess of forty (40) hours a week as required by § 207(a) of the FLSA (hereinafter referred to as "Collective Members").

### II.  PARTIES

2. Plaintiff Matthew J. Comeaux is a major individual, domiciled in New Iberia, Louisiana, who was employed by Defendant as a laborer from approximately 2018 to

approximately May 29, 2022. Plaintiff Matthew J. Comeaux has consented to filing this action. (Plaintiff's Consent form is attached as Exhibit "A".)

3. Defendant Weeks Island Rentals, LLC is a Louisiana limited liability company with its principal place of business located at 1016 Bayou To Bayou Road, New Iberia, Louisiana 70563, and may be served through its registered agent, Lyn P. Coco at the same address.

### III.   JURISDICTION AND VENUE

4. This case raises a federal question under 29 U.S.C. §216(b) giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5. Venue is proper in this District as Defendant is domiciled and conducted business in the Western District of Louisiana and a substantial part of the events giving rise to the claims asserted herein occurred within this District.

### IV.   COVERAGE UNDER THE FLSA

6. At all relevant times, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

7. At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

8. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

9. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all relevant times, Plaintiff and the Collective Members are and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

11. Defendant, Plaintiff and the Collective Members used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions, all of which constitutes interstate commerce.

## V.   FACTS

12. Plaintiff and the Collective Members were employed by Defendant as laborers who worked in Defendant's dirt hauling and construction business.

13. Plaintiff and the Collective Members were paid on a day rate basis and were not exempt from the overtime requirements of the FLSA. Plaintiff was paid two hundred ($200) dollars per day.

14. Plaintiff and the Collective Members did not perform any job duties or functions that qualified for an exemption from the overtime requirements of the FLSA.

15. Plaintiff and the Collective Members all performed manual labor, including operation of Defendant's heavy construction equipment.

16. Plaintiff's hours varied from week to week during his employment with Defendant, but he and the Collective Members regularly worked more than forty (40) hours in a workweek.

17. The Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

18. Defendant paid Plaintiff and the Collective Members a day rate and failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

19. Plaintiff and the Collective Members were required to report to Defendant's office at a set time each work day.

20. Plaintiff and the Collective Members were required to punch a time clock to start and end their work day.

21. Plaintiff and the Collective Members' pay was reduced if they did not work a minimum number of hours per day.

22. The exact number of hours per day and per workweek that Plaintiff and each Collective Member worked can be ascertained through Defendant's time keeping data.

23. Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty (40) hours in a workweek for all weeks worked.

24. Plaintiff is aware of other current and former employees of Defendant who are and were subject to the same payroll practice.

25. Defendant has violated, and is violating the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying Plaintiff and the Collective Members overtime.

26. Defendant knowingly, willfully, or in reckless disregard of the law maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) over the past three (3) years.

## VI.   FLSA VIOLATIONS AND COLLECTIVE ACTION ALLEGATIONS

27. The Collective for which certification for purposes of notice is sought pursuant to 29 U.S.C. §216(b) is defined as:

> All persons employed by Weeks Island Rentals, LLC who were paid a day rate and were not paid overtime wages for all hours worked over forty (40) in a workweek at any time since three (3) years prior to filing this Complaint.

28. Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective Members similarly and is a willful violation of the FLSA.

29. The Collective Members are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

30. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated employees.

31. Plaintiff and the Collective Members all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining whether they are similarly situated as well as their eligibility for overtime under the FLSA.

32. The specific job titles or precise job requirements of the Collective Members do not prevent proceeding collectively.  All day rate employees, regardless of their precise job requirements or rates of pay are not exempt from the overtime requirements of the FLSA, and are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

33. Defendant violated 29 C.F.R. §778.112 which requires employers like Defendant to pay overtime to non-exempt day rate employees at one and one-half times their regular rate of pay.

34. Whether Defendant violated the FLSA by failing to pay Plaintiff and the Collective Members overtime and misclassifying them as independent contractors is a threshold legal issue which can be determined using representative testimony in a collective action.

35. Plaintiff and the Collective Members are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Collective Members, prays for judgment in their favor and against Defendant as follows:

1. For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective Members are similarly situated under the FLSA;

2. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

3. For Judgment in favor of Plaintiff and the Collective Members and against Defendant for unpaid overtime wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

4. For an award of costs of this action as provided under the FLSA;

5. For an award of attorneys' fees as provided under the FLSA;

6. For an award of pre- and post-judgment interest; and

7. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

Respectfully Submitted:

By: /s/ Philip Bohrer
    Philip Bohrer (LA Bar # 14089)
    phil@bohrerbrady.com
    Scott E. Brady (LA Bar # 24976)
    scott@bohrerbrady.com
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana  70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000